In the Matter of ELIZABETH M. BURGARD, Judgment Creditor, against ANNE GUNSCHEL, Judgment Debtor.

Supreme Court, Special Term, New York County, December 16, 1949.

*James J. Leonard* for judgment creditor.

No appearance for judgment debtor.

WALTER, J. The judgment creditor applied for a warrant for the arrest of the judgment debtor upon the ground that she conceals herself and there is ground to believe that she has property which may be reached by the judgment creditor. Because of a vague general recollection that there is some statute forbidding the arrest of women, I asked for a memorandum of law on the subject and have given it consideration.

An order of arrest as a provisional remedy in an action is authorized by articles 47 and 48 of the Civil Practice Act; but by reason of section 829 of the Civil Practice Act, a woman may not be arrested as prescribed in those articles except where the order can be granted only by the court (which means an order under Civ. Prac. Act, § 827), or where the action is to recover damages for a willful injury to person, character or property.

Executions against the person are authorized by article 44 of the Civil Practice Act; but by reason of section 765 of the Civil Practice Act, such an execution cannot be issued against the person of a woman unless an order of arrest has been granted and executed in the action and, if it was executed against the judgment debtor, has not been vacated.

The application now before me for an order directing the sheriff to arrest a woman judgment debtor does not show a case within the exceptions so stated in sections 829 and 765 of the Civil Practice Act, and hence the application cannot be granted unless authority therefor outside of articles 44, 47 and 48 of the Civil Practice Act can be found.

Article 45 of the Civil Practice Act, dealing with proceedings supplementary to judgment, contains the provision (Civ. Prac. Act, § 775, subd. 3), that where the judgment debtor keeps himself concealed or there is danger that he will leave the State or conceal himself, and there is reason to believe that he has in his possession or control property which may be reached by the judgment creditor under that article, the court may issue a warrant requiring the sheriff of any county within the State where the judgment debtor may be found to arrest him and bring him before the court, judge or justice issuing the warrant.

I find no provision in article 45 of the Civil Practice Act excluding women from the operation of subdivision 3 of section 775 of the Civil Practice Act and as the affidavit upon this application brings the case within that subdivision, there seems no reason why the application should not be granted, unless the fact that the subdivision is framed in words which mention the masculine gender only is sufficient in itself to exclude women from its authorization.

Section 22 of the General Construction Law provides that words of the masculine gender include the feminine; and as I know of nothing to indicate that the masculine gender was used in subdivision 3 of section 775 of the Civil Practice Act in a sense more restrictive than section 22 of the General Construction Law makes generally applicable, there seems no reason why the application should not be granted.

Warrant signed.